# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WILEY WHITACRE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ENERGY PANEL STRUCTURES, INC., THE BLACK BROS. CO., BILL BROWN, CHAD CLAREY, DAN HOFFMAN and JASON PAYTON,<br><br>　　　　Defendants. | No. C09-3051-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT ENERGY PANEL STRUCTURES, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED AND SUBSTITUTED PETITION AT LAW** |

_____

The issue before the court on defendant Energy Panel Structures, Inc.'s motion to dismiss is whether plaintiff's claims against it, his employer, for injuries he sustained in a workplace accident are barred by Iowa's Workers' Compensation Act.

## *I. INTRODUCTION AND BACKGROUND*

On July 14, 2009, plaintiff Wiley Whitacre filed a petition in the Iowa District Court for Palo Alto County against Energy Panel Structures, Inc. ("Energy Panel Structures") and The Black Bros. Co. ("Black Bros."). This lawsuit arises following plaintiff Whitacre's injury during a work place accident in which his hands and arms were injured when they became entangled in a laminating machine manufactured by Black Bros. and owned by his employer, Energy Panel Structures. On August 10, 2009, defendant Black Bros. removed this action to this federal court on the ground of diversity of citizenship, pursuant to 28 U.S.C. § 1441(a). Plaintiff Whitacre then amended his petition

in order to name as defendants four supervisory employees of defendant Energy Panel Structures. In his amended petition, plaintiff Whitacre alleges five causes of action. First, plaintiff Whitacre alleges that Energy Panel Structures and its employees, defendants Bill Brown, Chad Clarey, Dan Hoffman, and Jason Payton, were grossly negligent in providing plaintiff Whitacre with cleaning instructions for the laminating machine. Second, plaintiff Whitacre asserts a claim of strict liability against Black Bros. on the ground that the alleged design defects in the laminating machine rendered it unreasonably dangerous. Third, plaintiff Whitacre alleges a claim of gross negligence against both Energy Panel Structures and Black Bros. for defective design of the laminating machine, defective stop switches on the laminating machine, and defective cleaning procedures for the machine. Fourth, plaintiff Whitacre alleges that Black Bros. negligently designed and manufactured the laminating machine. Finally, plaintiff Whitacre alleges that Black Bros. breached an implied warranty of fitness regarding the laminating machine.

Defendant Energy Panel Structures has filed a motion to dismiss the amended petition (docket no. 10). In its motion, defendant Energy Panel Structures seeks dismissal of the amended petition for failure to state a cause of action, arguing that because defendant Energy Panel Structures was plaintiff Whitacre's employer at the time of the accident, under Iowa law, workers' compensation remedies provide the exclusive remedy for an injured employee. Plaintiff Whitacre has filed a resistance to defendant Energy Panel Structures's motion to dismiss in which he argues that Iowa's workers' compensation statute was not intended to relieve employers of their liability for failure to properly warn employees of risks in the workplace. Defendant Energy Panel Structures has filed a timely reply brief.

## II. LEGAL ANALYSIS

### A. *Rule 12(b)(6) Standards*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss on the basis of "failure to state a claim upon which relief can be granted."[1] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court revisited the standards for determining whether factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C.

---

[1] Effective December 1, 2007, Federal Rule of Civil Procedure 12 was "amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." FED. R. CIV. P. 12, advisory committee's note. The advisory committee notes make it clear that the "changes are to be stylistic only." *Id.* The stylistic changes to Rule 12(b)(6) are in fact minimal, as Rule 12(b)(6) continues to authorize a motion to dismiss "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, the amendment did not change the standards for a Rule 12(b)(6) motion.

> Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, [*556] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic*, 550 U.S. at 555-56 (footnote omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (instructing that "short and plain statement" requirement "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."). Thus, the Eighth Circuit Court of Appeals has recognized that, under *Bell Atlantic*, "To survive a motion to dismiss, a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 555). To put it another way, "the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 570); *accord Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Bell Atlantic*, 550 U.S. at 557).

Nevertheless, the court must still "accept as true the plaintiff's well pleaded allegations." *Parkhurst*, 569 F.3d at 865 (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)); *B&B Hardware, Inc.*, 569 F.3d at 387 ("[W]e 'assume[ ] as true all factual allegations of the complaint'" (quoting *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). The court must also still "construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (post-*Bell Atlantic* decision). On the other hand, "[w]here the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997), for this standard in a discussion of Rule 12(b)(6) standards in light of *Bell Atlantic*).

### *B. Analysis*

The Iowa Workers' Compensation Act is codified in Iowa Code Chapter 85. Iowa Code § 85.3(1) contains the following trade-off between employers' and employees' rights in the context of work-related injuries:

> Every employer, not specifically excepted by the provisions of this chapter, shall provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.

IOWA CODE § 85.3(1). Iowa Code § 85.20, in turn, explicitly discusses employer immunity:

> The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee on account of injury . . . shall

> be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury . . . against:
>
> 1. The employee's employer. . . .

IOWA CODE § 85.20. Under the Iowa Code, "workers' compensation benefits are the exclusive remedy against an employer for acts covered by the statute." *Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 389 (Iowa 2000). As the Iowa Supreme Court has explained,

> Chapter 85 provides a "zone of protection" in workers' compensation making an employer responsible for workers' compensation benefits only for "any and all personal injuries sustained by an employee arising out of and in the course of employment. . . ." [Iowa Code] § 85.3(1); *Waterhouse Water Conditioning, Inc. v. Waterhouse,* 561 N.W.2d 55, 57 (Iowa 1997); *Frost v. S.S. Kresge Co.,* 299 N.W.2d 646, 648 (Iowa 1980). In general, an injured employee's right to workers' compensation is the employee's exclusive remedy against the employer. *Nelson v. Winnebago Indus., Inc.,* 619 N.W.2d 385, 388 (Iowa 2000); *Bailey v. Batchelder,* 576 N.W.2d 334, 337 (Iowa 1998); Iowa Code §§ 85.3(1), 85.20.

*Thayer v. State,* 653 N.W.2d 595, 599 (Iowa 2002). The Iowa Supreme Court further explained, "Iowa Code section 85.20 does not bar a negligence suit against an employer unless the action arose while the employee was acting within the scope of her employment and the injury arose out of and in the course of her employment." *Id.* (citing Iowa Code § 85.20).

In this case, plaintiff Whitacre alleges that Energy Panel Structures was his employer at the time of his injuries, that his action arose from injuries sustained while he was acting within the scope of his employment, and that his injuries arose out of and in the

6

course of his employment.  *See* Plaintiff's Amended Petition at ¶¶ 4-6.  Moreover, Whitacre has not asserted otherwise in response to defendant Energy Panel's motion to dismiss.  Instead, Whitacre argues, without citation to any legal authority whatsoever, that Energy Panel Structures's failure to warn him of the risks presented by the laminating machine "creates liability despite Chapter 85.20."  Plaintiff's Resistance at 1.  In the absence of any Iowa case law allowing a common-law suit against an employer for actions such as in this case, the court concludes that plaintiff Whitacre's suit against Energy Panel Structures is barred by Iowa Code § 85.20(1) and defendant Energy Panel Structures's motion to dismiss should be granted.  However, on October 8, 2009, the parties filed a stipulation with the court that defendants Bill Brown, Chad Clarey, Dan Hoffman, and Jason Payton are all residents of Iowa.  In light of the parties' stipulation, complete diversity was destroyed once these four defendants were joined because plaintiff Whitacre is also an Iowa resident.  Thus, the court lacks jurisdiction to consider defendant Energy Panel Structures's motion to dismiss.  Pursuant to 28 U.S.C. § 1447(e), the court must remand this case to state court.  *See Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants . . . destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").  Accordingly, this case is remanded to the Iowa District Court for Palo Alto County.

### III.  CONCLUSION

For the reasons discussed above, the court finds that it lacks jurisdiction to consider defendant Energy Panel Structures's motion to dismiss and that remand of this case is mandatory.  When plaintiff Whitacre was granted leave to amend his petition to join four non-diverse defendants, diversity jurisdiction was destroyed and, pursuant to 28 U.S.C.

7

§ 1447(e), remand of this case is required. This case is remanded to the Iowa District Court for Palo Alto County.

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA